NUMBER 13-03-767-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG 
                                                                                                                      

FLORENTINO ESQUIVEL, JR.,                                                  Appellant,

v.
 
THE STATE OF TEXAS,                                                     Appellee.
                                                                                                                                      

On appeal from the 36th District Court of San Patricio County, Texas.
                                                                                                                      

MEMORANDUM OPINION

Before Justices Rodriguez, Castillo, and Garza
Memorandum Opinion by Justice Garza
 
Florentino Esquivel, Jr. was charged by indictment with burglary, unlawful use of a
motor vehicle, evading arrest, criminal mischief, and aggravated assault. On motion of
Esquivel’s court-appointed attorney, the trial court ordered two mental examinations and
subsequently held a jury trial on Esquivel’s competency to stand trial. The jury found
Esquivel competent. Pursuant to a negotiated plea-bargain agreement, Esquivel pleaded
guilty to the charge of aggravated assault, and the trial court sentenced him to fifteen
years’ imprisonment. Esquivel now appeals the factual sufficiency of the evidence to
support the jury’s finding of competency to stand trial. The trial court has certified that this
is a plea-bargain case but appellant has the right to appeal matters that were raised by
written motion filed and ruled on before trial. See Tex. R. App. P. 25.2(a)(2). Because we
find that the evidence is factually sufficient to support the jury’s finding of competency, we
overrule appellant’s sole issue on appeal and affirm the judgment of the trial court. 
In a factual sufficiency review, the evidence is viewed in a neutral light, favoring
neither party. See Clewis v. State, 922 S.W.2d 126, 134 (Tex. Crim. App. 1996). In this
neutral light, we determine whether the proof supporting the jury’s finding is “so obviously
weak as to undermine confidence in the jury’s determination,” or the proof supporting the
jury’s finding, “although adequate if taken alone, is greatly outweighed by contrary proof.” 
See Johnson v. State, 23 S.W.3d 1, 11 (Tex. Crim. App. 2000). A clearly wrong and unjust
verdict occurs where the jury’s finding “shocks the conscience,” or “clearly demonstrates
bias.” Santellan v. State, 939 S.W.2d 155, 164-65 (Tex. Crim. App. 1997). We are
authorized to disagree with the jury’s finding even if probative evidence exists that supports
the finding. Id. at 164; see also Johnson, 23 S.W.3d at 7. 
The law in effect at the time of appellant’s trial stated, “A person is incompetent to
stand trial if the person does not have: (1) sufficient present ability to consult with the
person’s lawyer with a reasonable degree of rational understanding; or (2) a rational as well
as factual understanding of the proceedings.” Act of May 29, 1975, 64th Leg., R.S., ch.
415, 1975 Tex. Gen. Laws 1095-96, repealed by Act of April 30, 2003, 78th Leg. R.S., ch.
35, § 15, 2003 Tex. Gen. Laws 72, effective Jan. 1, 2004.
At trial, the State offered into evidence two reports by doctors who had personally
evaluated appellant. The report of Joel Kutnick, M.D. stated that he “believed the
defendant is absolutely faking his intellectual slowness to a marked degree.” The report
continuedHis attention and concentration span are adequate enough to carry on a
conversation. He comes across as somewhat intellectually slow, but as
stated, I think he understands much more than he is willing to admit. He got
a very concerned look on his face when I told him he could be sent to a state
institution for a lifetime. Obviously, he understood that comment.” Dr.
Kutnick’s report concluded that appellant “has enough understanding of legal
concepts and should be able to plan his defense with his attorney.
 
          The report by Nestor H. Praderio, M.D. documented the following exchange
between Dr. Praderio and appellant regarding appellant’s knowledge of the court
proceeding:
I asked the defendant to identify the pleas that were available to him in court. 
His answer was “guilty or not guilty but I am not guilty of all of this.” He
readily identified the officer of the court as the judge, “overseeing and being
the boss.” “The defense attorney is the lawyer on my side and is supposed
to work for me and defend me, and the prosecutor is trying to prove me
wrong.” When questioned about what might be the source of the evidence
for the prosecutor, he did not know but, with reorientation, he agreed that
some of the material that the prosecutor can use is police reports. He added
in here that the police in San Patricio do not like him. He named possible
sentences as prison, probation, and community supervision. His
understanding of probation was “you have to report to a probation officer.” 
He defined witness as “someone who saw me,” and he thought that
witnesses were people against him. When I said to him that a witness could
be for or against him, he was able to grasp the concept. He has a simplistic
understanding of legal terms. When questioned about plea bargains, he
responded, “This is something that you do to cut a deal.” 
 
Dr. Praderio’s report also documented the following exchange with appellant regarding his
ability to consult with a lawyer with a reasonable degree of rational understanding:
The defendant got a little confused about the name of his attorney because
he stated they changed two or three [times]. When questioned about how
he will collaborate with him, he said that he has to “tell him the truth and give
information to fight for my case.” He further states that he knows that he has
to behave in court and that he will be able to maintain control of his actions. 
The defendant was then asked a series of hypothetical questions, which
were intended to evaluate his ability to make informed decisions as a . . .
mechanism to measure his judgment in the decision-making process. He
demonstrates some difficulty and has some problems with understanding
some of the questions yet, with encouragement and additional cues, he was
able to answer most appropriately. 
 
Dr. Praderio’s report reached the following conclusion:
Based on reasonable clinical evidence, it is my professional opinion that the
defendant is competent with qualifications. The defendant has a simplistic
interpretation of court proceedings and terminology but seemed to respond
very well when simple terms were used. Slowing the pace of the interview
and giving him additional time to process the questions was beneficial, and
the quality of his answers improved significantly. Short statements and
guidance were necessary, as well as slow description of information during
the proceeding. Noting the above qualifications, I am of the opinion that the
defendant has a basic understanding of the court rule and proceeding. He
also demonstrates a good ability to work with his counsel in preparing his
defense. 
 
          At the competency jury trial, Drs. Kutnick and Praderio gave testimony consistent
with their reports. Both doctors testified that appellant had the present ability to consult
with his attorney to a reasonable degree of rational understanding and that he had a
rational and factual understanding of the proceeding against him. 
          Appellant contends that the foregoing evidence was factually insufficient to support
a finding of competency because two experts had previously concluded that he was
incompetent to stand trial and because his trial attorney testified that there were some
things she felt he could not understand. 
          Although appellant contends that he was twice found incompetent to stand trial, his
brief cites only to Dr. Kutnick’s report, which documents the findings of three other experts,
two of whom were pyschologists and the other a medical doctor. The medical doctor was
Dr. Praderio, whose report and testimony finding appellant competent have been related
in the preceding text. The two pyschologists disagreed as to whether appellant was
competent, but the reasons for their divergent conclusions are not apparent from the
record, as neither psychologist testified at trial and their reports were not offered into
evidence. 
          Although there is some evidence that appellant was incompetent, such as the
testimony by his attorney, upon review of the entire record, we cannot conclude that the
jury’s finding is so obviously weak as to undermine confidence in its determination or that
the proof supporting the jury’s finding, although adequate if taken alone, is greatly
outweighed by contrary proof. See Johnson, 23 S.W.3d at 11. Accordingly, we overrule
appellant’s sole issue on appeal and affirm the judgment of the trial court.  
 
DORI CONTRERAS GARZA,
                                                                           Justice
 
Do not publish. 
Tex.R.App.P. 47.2(b)
Memorandum Opinion delivered and 
filed this the 2nd day of June, 2005.